IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER LYNN HUMMEL AND SHAWN DAVID HUMMEL Senior,<br><br>Movants,<br><br>v.<br><br>VINCENT SORACE, JOSEPH YERTY, TAMMY YERTY, JAMES ZARONSKY, LINDA ZARONSKY, VIKTOR STEVENSON, ASHLEY YATES, and KIMBERLY SOLOMON-ROBINSON,<br><br>Respondents. | No. 2:24-mc-00056-RJC<br><br>Judge Robert J. Colville |

## MEMORANDUM ORDER OF COURT

Robert J. Colville, United States District Judge

Before the Court is a Motion to Quash Foreign Deposition Subpoenas Pursuant to Federal Rule of Civil Procedure 45(d)(3) filed by Movants Jennifer Lynn Hummel and Shawn David Hummel ("the Hummels"). The Hummels move to quash two subpoenas issued by the United States District Court for the Eastern District of Pennsylvania. Vincent Sorace, Joseph Yerty, Tammy Yerty, James Zaronsky, Linda Zaronsky, Viktor Stevenson, Ashley Yates, and Kimberly Solomon-Robinson ("Respondents"), who are named plaintiffs in a class action before the United States District Court for the Eastern District of Pennsylvania and who served the subpoenas at issue in the Hummels' Motion, filed a Response (ECF No. 5) to the Hummels' Motion on January 16, 2024. The Hummels filed a Reply (ECF No. 8) on January 23, 2024. The subpoenas at issue request depositions of the Hummels and three categories of documents related to the Hummels'

1

objections to a proposed settlement in the case before the Eastern District of Pennsylvania. The Motion to Quash has been fully briefed and ripe for disposition.

Fed. R. Civ. P. 26 provides that:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Pursuant to Fed. R. Civ. P. 45(d)(3), a nonparty may move the district court where compliance is required to quash or modify a subpoena. As compliance is required in this District, the Hummels' Motion to Quash is properly before this Court.

In moving to quash to subpoenas at issue, the Hummels argue that the subpoenas fail to provide for a reasonable amount of time to comply and that the subpoenas will subject the Hummels to an undue burden. Mot. 3, ECF No. 1. With respect to quashing or modifying a subpoena, Rule 45 provides:

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

. . . .

. . . or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

The Court agrees that the subpoenas at issue, which request the scheduling of depositions and the production of documents in advance of Respondents' January 24, 2024 briefing deadline in the EDPA class action, did not, and now do not, allow for a reasonable time to comply. The

Hummels filed their objections to the settlement in the EDPA case on December 18, 2023, along with approximately fifty pages of exhibits. While the Court acknowledges that the holiday season was approaching when the objections were filed, the Court notes that Respondents did not serve their subpoenas on the Hummels until after 5:00 p.m. on January 7, 2024, i.e., twenty days after the objections were filed, seventeen days before Respondents' brief was due, and twenty-four days before the final approval hearing in the EDPA case. It was certainly permissible, and likely foreseeable, that the Hummels would object to the discovery sought by way of the subpoenas. The Motion before the Court was not fully briefed until January 23, 2024. A review of the record in the EDPA case indicates that the approval hearing has not been rescheduled, and further indicates that the defendant in that case (Wells Fargo Bank, N.A.) has already responded to the Hummels' objections, apparently without the benefit of discovery. At this juncture, the Court could not order compliance with the subpoenas such that the depositions could take place before Respondents' brief is due. The Court further finds that an order compelling compliance prior to the approval hearing, which is one week away and during which, presumably, the Hummels would present the documents and argument that Respondents seek by way of discovery, would fail to provide a reasonable amount of preparation time for the Hummels and would further constitute, perhaps, a waste of time and resources.

      This Memorandum Order is entered without prejudice to the extent that, should the approval hearing be continued, Respondents may move the Court for reconsideration. While the Court takes no position on the "undue burden argument" raised by the Hummels, the Court notes that the relatively short period of time between the deadline for the filing of objections in the EDPA case and the final approval hearing suggests to this Court that discovery, and certainly voluminous discovery, was not anticipated by the scheduling order in that case. It also bears noting that the

scheduling order for the approval hearing provides that: "The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing." ECF No. 1-1 at ¶ 18. The scheduling order does not speak to depositions in any respect. The Hummels have submitted a notice of intention to appear and have attached approximately 50 pages of exhibits to their objections. Accordingly, it appears that Respondents already possess the documents they seek by way of their subpoenas. While the Court acknowledges that the Motion to Quash is properly before this Court, the undersigned would be remiss to fail to note that the Honorable Gerald J. Pappert of the United States District Court for the Eastern District of Pennsylvania, given his familiarity with the case and the scheduling order, may be in the best position to address the parties' arguments in this specific regard.

## Conclusion and Order of Court

For the reasons discussed above, the Motion to Quash is granted. It is hereby ordered that the subpoenas issued upon Jennifer Lynn Hummel and Shawn David Hummel Sr. to appear for depositions duces tecum on January 10, 2024 are hereby quashed.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: January 24, 2024

cc: All counsel of record